J-S08019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  : IN THE SUPERIOR COURT OF
                                                    :              PENNSYLVANIA
                                                    :
               v.                                   :
                                                    :
                                                    :
                                                    :
ANTHONY ROSS,                                       :
                                                    :
               Appellant.                           :   No. 2685 EDA 2018

Appeal from the Order Entered, August 20, 2018,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s):  CP-23-CR-0005393-2005.

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED APRIL 30, 2019**

Anthony Ross appeals *pro se* from the order denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A.  §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  In 2006, a jury convicted Ross of four counts of robbery and one count of criminal conspiracy after he and two others robbed a Family Dollar Store.  The trial court sentenced Ross to an aggregate term of 15 to 60 years of imprisonment.  On September 18, 2008, his Court affirmed his judgment of sentence.  **Commonwealth v. Ross**, 963 A.2d 573 (Pa. Super. 2008) (unpublished memorandum).  Ross did not seek further review.

Ross filed his first PCRA petition on December 29, 2008, and the PCRA court appointed counsel.  Thereafter, PCRA counsel filed a motion to withdraw

_____
* Former Justice specially assigned to the Superior Court.

and a "no-merit" letter pursuant to the dictates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). PCRA counsel was permitted to withdraw, and the PCRA court issued a Pa.R.Crim.P. 907 notice of its intention to dismiss Ross' PCRA petition. By order entered August 26, 2009, the PCRA court dismissed the petition. We affirmed the denial of post-conviction relief. **Commonwealth v. Ross**, 6 A.3d 567 (Pa. Super. 2010) (unpublished memorandum).

On August 13, 2015, Ross filed a second PCRA petition. After issuing Rule 907 notice, and considering Ross' response thereto, the PCRA court denied Ross' second petition as untimely. In his timely *pro se* appeal to this Court, Ross claimed that the mandatory minimum sentences imposed as part of his aggregate sentence were illegal in light of **Alleyne v. U.S.**, 133 S.Ct. 2151 (2013), and that a challenge to the legality of his sentence is non-waivable. **See Commonwealth v. Ross**, 153 A.3d 1120 (Pa. Super. 2016), unpublished memorandum at 2. We determined that Ross' second request for post-conviction relief was untimely, and that a legality of sentence claim cannot be addressed when a court lacks jurisdiction. **Id.** at 3-4. In addition, we rejected Ross' attempt to argue the "new constitutional right" time-bar exception, because Ross failed to file his PCRA petition within 60 days of the **Alleyne** decision, and because **Alleyne** had not been held to apply retroactively to cases where the judgment of sentence had become final. **See id.**

On July 3, 2018, Ross filed a motion, which he titled "Writ of Habeas Corpus pursuant to 42 Pa.C.S. Section 6501, 6502, and 6503." The PCRA court noted that the motion addressed the legality of Ross' sentence and was "virtually identical" to Ross' second PCRA petition, "raising the claim that the mandatory minimum that he was subjected to has been deemed unconstitutional pursuant to **Alleyne**." PCRA Court Opinion, 9/19/18, at 2-3. Treating Ross' latest filing as an untimely, serial PCRA petition, the PCRA court issued Rule 907 notice of its intention to dismiss the petition without a hearing. Ross filed a response. By order entered on August 20, 2018, the PCRA court dismissed the petition. This timely appeal followed. The PCRA court did not require Pa.R.A.P 1925 compliance.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Before addressing the merits of Ross's substantive claims on appeal, we must first address his assertion that the PCRA court wrongfully treated his habeas corpus petition under the PCRA. Our Supreme Court "has consistently held that, pursuant to the plain language of Section 9542, where a claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review. **See Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013)

- 3 -

(explaining the PCRA subsumes the remedies of habeas corpus and coram nobis). Ross' challenge to the legality of his sentence is clearly cognizable under the PCRA. Therefore, his characterization of his latest request as a *habeas corpus* petition is incorrect. The PCRA court correctly treated the motion as a PCRA petition.

Next, we consider whether Ross' serial petition was timely filed. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[1]

---

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

42 Pa.C.S.A. § 9545. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *See Hernandez*, 79 A.3d 651-52 (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2).[2] Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Here, Ross' judgment of sentence became final on October 20, 2008, when the time to file an allowance of appeal to the Pennsylvania Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Thus, Ross had until October 20, 2009, to file a timely PCRA petition. As he filed the petition at issue in 2017, it is untimely unless Ross has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Ross has failed to establish any exception to the PCRA's time bar. Instead, he argues that he is entitled to relief via a habeas corpus petition, which provides an avenue for post-conviction relief outside the parameters of

---

[2] Our legislature recently amended this section of the PCRA to provide petitioner's one year to file a petition invoking at time-bar exception. *See* Act of 2018, October 24, P.L. 894, No. 146. This amendment does not apply to Ross' serial petition.

the PCRA. As noted above, well-settled case law holds otherwise. **See Turner**, **supra**. In addition, and contrary to Ross' contention, there is no "miscarriage of justice" exception to the PCRA's time bar. **Burton**, 936 A.2d at 527. As such, the PCRA court correctly concluded that it lacked jurisdiction, and we affirm the court's order denying Ross post-conviction relief.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/19

---

[3] Ross' reliance on the federal court's decision in **Satterfield v. District Attorney Philadelphia**, 872 F.3d 152 (3rd Cir. 2017), is misplaced. **See Commonwealth v Brown**, 143 A.3d 418, 420 (Pa. Super. 2016) (explaining that this Court "has already deemed such decisions pertaining to federal *habeas corpus* law irrelevant to our construction of the timeliness provisions set forth in the PCRA").